```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       SOUTHERN DIVISION at LONDON
```

DEREK McHARGUE,                   )
                                  )
    Plaintiff,                    )       Civil No. 6:20-114-JMH
                                  )
V.                                )
                                  )
JOSHUA PICKARD, *et al.*,         )       **MEMORANDUM OPINION**
                                  )            **AND ORDER**
    Defendants.                   )

                      \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Derek McHargue is an inmate currently confined at the Laurel County Detention Center ("LCDC") in London, Kentucky. Proceeding without an attorney, McHargue has filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. [R. 1]. McHargue has neither paid the filing fee nor has he filed a motion for leave to proceed *in forma pauperis*. [R. 1-1].[1]

---

[1] On May 28, 2020, the Clerk of the Court received the complaint filed in this case with a cover letter noting that McHargue has a pending case in which he was permitted to proceed *in forma pauperis*, *McHargue v. Pickard, et al.*, 6:20-cv-087-HRW (E.D. Ky. 2020). [R. 1-1] McHargue's letter states that he wishes to file the complaint in this case *in forma pauperis* as well, and requests that the Clerk of the Court send him the appropriate form to do so, if necessary. [R. 1-1] While the Court will waive payment of the filing fee in this case, McHargue is advised that the filing fee is generally imposed for each separate case that is filed, thus he must either pay the full filing fee or file a new motion to proceed *in forma pauperis* in each case.

Notwithstanding these deficiencies, the Court will waive payment of the filing fee and conduct its preliminary review of McHargue's complaint as is required by 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of McHargue's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

## I.

In his complaint, McHargue states that, on or around May 25, 2018, he was strapped into a restraint chair by Defendants Sgt. Joshua Pickard and Officer Collins. He states that he "supposedly" bit Sgt. Pickard's finger. McHargue states that, while still in the chair, he was placed in a medical observation cell where he remained strapped in the restraint chair for close to eight hours without being permitted to get water or use the restroom. [R. 1].

He states that, either the next day or the day after, he was taken to see Billy Madden, who questioned him (with two Lieutenants) about whether he bit Sgt. Pickard's finger. McHargue

denied it, then Madden told him they would review the cameras and get back with him. McHargue claims that, the next day, he was charged with 4th degree assault on Sgt. Pickard. [R. 1]. Based on these allegations, McHargue seeks to pursue claims based on a variety of state and federal laws, including the Eighth Amendment; the Equal Protection clause of the Fourteenth Amendment; various Kentucky criminal statutes, including KRS 508.090 (which provides the definition of the term "abuse"), KRS 502.020 (imposing criminal liability for the being complicit in the conduct of another), KRS 522.020 (crime of official misconduct in the first degree), KRS 506.040 (criminal conspiracy), KRS 506.080 (criminal facilitation), KRS 502.050 (imposing corporate liability for criminal conduct); and state law tort claims of outrageous conduct, intentional infliction of emotional distress, and negligence. [R. 1]. As defendants, he names Joshua Pickard, Officer Collins, and "Multiple Others at Laurel County Detention Center." [R. 1].

**II.**

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it

3

demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

The Court evaluates McHargue's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, while the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

With these standards in mind, the Court has reviewed McHargue's complaint and concludes that it must be dismissed on initial screening. First, to the extent that McHargue's claims are based on allegations that the Defendants violated various Kentucky criminal statutes, McHargue has no standing to bring these claims in this Court. A private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and thus cannot assert a claim arising under a criminal statute. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("This Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring

4

that a civil cause of action of some sort lay in favor of someone.'").

More critically, it is clear from the face of the complaint that McHargue's federal constitutional claims are untimely. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

McHargue's claims alleging violations of federal constitutional law are brought against Defendants pursuant to 42 U.S.C. § 1983. Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims

5

asserted under 42 U.S.C. § 1983. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues. KRS § 413.140(1)(a).

A cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

McHargue's complaint affirmatively states that the events giving rise to the complaint occurred when he was strapped into the restraint chair on or around May 25, 2018, and charged with 4th degree assault a few days later. [R. 1 at p. 1]. Thus, McHargue's constitutional claims accrued in May 2018. However, McHargue did not file this lawsuit until May 28, 2020, two years

6

after the events occurred and one year after the expiration of the statute of limitations. Ky. Rev. Stat. § 413.140(1)(a). Thus, his claims are untimely and will be dismissed.

McHargue's only remaining claims are his state law tort claims of outrageous conduct, intentional infliction of emotional distress, and negligence. However, where a federal court exercises jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c) solely by virtue of supplemental jurisdiction and the federal claims have been dismissed prior to trial, the court will generally decline to retain jurisdiction over the state law claims. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In deciding whether to proceed, a district court considers the interests of judicial economy and the avoidance of multiplicity of litigation and balances those interests against needlessly deciding state law issues. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Given the early stage of the proceedings in this case, the Court finds that consideration of the relevant factors weighs against the continued exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

7

Therefore, McHargue's state law claims will be dismissed without prejudice.

Accordingly, the Court hereby **ORDERS** as follows:

1. McHargue's payment of the filing and administrative fees is **WAIVED**;

2. To the extent that the McHargue's complaint [R. 1] alleges federal law claims against the Defendants pursuant to 42 U.S.C. § 1983, these claims are **DISMISSED WITH PREJUDICE**;

3. McHargue's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**;

4. Any pending requests for relief are **DENIED AS MOOT**;

5. **JUDGMENT** shall be entered contemporaneously with this Order; and

6. This action is **STRICKEN** from the Court's docket.

This 5th day of June, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge